STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-045
JRA - KEN - 1/24/2001

MICHAEL J. DEE,

        Appellant

    v.                                          **DECISION AND ORDER**

STATE OF MAINE,

        Appellee

This matter is before the court on Michael J. Dee's appeal from the judgment of the District Court, Southern Kennebec Division (*Worth, J.*), in which the appellant was adjudicated to have committed the civil violation of Possession of a Usable Amount of Marijuana, 22 M.R.S.A. § 2383(1) (Pamph. 2000).

I.      **Facts and Procedural History**

On February 8, 2000, Capital Security Officer Ronald Peaslee, responding to a complaint, found Michael Dee on the fourth floor of the State House with a marijuana plant. Officer Peaslee asked Dee to leave the building. Mr. Dee refused to leave unless Officer Peaslee summonsed him for possession of marijuana. Mr. Peaslee then summonsed Mr. Dee, seized the marijuana plant, and removed him from the building.

Prior to trial, Mr. Dee moved for dismissal, challenging the constitutional validity of 22 M.R.S.A. § 2383 (1). Specifically, Dee asserted that he had a fundamental and protected liberty interest in using marijuana, and that his prosecution under the statute was in contravention to these constitutionally protected interests. The District Court declined to act on the motion and the matter

was tried on June 1, 2000 at which proceeding the District Court adjudicated that the appellant had committed the civil violation for which he had been cited. Dee has timely filed this appeal, challenging the constitutionality of the statute prohibiting the possession of a usable amount of marijuana.

As is required by M.R. Civ. P. 76F (c), the appellant has also submitted a statement of the District Court proceedings based on his own recollection. The State has filed a motion to correct or modify the record submitted by the appellant asserting that it contains improper legal argument. The appellant has objected to the motion, arguing that the resolution of constitutional issues requires legal argument. The motion is DENIED as moot as the appeal is to be denied on its merits.

## II. Discussion

This court's appellate review of the District Court is restricted to questions of law, M.R. Civ. P. 76D, and the appellant does not challenge the factual findings by the District Court upon which its decision was predicated. Rather, he asserts, as he did in his motion to dismiss filed with the District Court, that the statute prohibiting the possession of a usable amount of marijuana is unconstitutional.

The appellant grounds his challenge loosely on the Fourth and Fourteenth Amendments of the U.S. Constitution, and their similar counterparts found at Article I, §§ 1, 5 and 6-A of the Maine Constitution. Mr. Dee argues that the enforcement of the marijuana laws cause injury to fundamental rights. He does not, however, clarify what these fundamental rights are or how they apply to the

possession of marijuana. The Law Court has already stated, in a case in which Mr. Dee attempted to challenge the constitutionality of the State's marijuana laws by way of declaratory judgment, that his "allegations do not implicate the denial of any of his fundamental rights . . ." *Dee v. Attorney General*, Mem. 99-59. This court must, of course, agree. There is absolutely no authority for the proposition that the possession or use of marijuana, whether public or private, is constitutionally protected either explicitly or implicitly. Indeed, as the appellant acknowledges in his papers, there is considerable authority to the contrary.

The appellant's personal belief that marijuana use is safe without medical supervision is an argument which is simply not justiciable. This policy concern is best directed to the Legislature which is vested with the constitutional authority to make law rather than to the courts whose sole job it is to interpret or enforce it.

Therefore the entry will be:

> Appellee's Motion to Correct or Modify Record on Appeal is DENIED as moot; adjudication in the District Court is AFFIRMED; case REMANDED to the District Court for action consistent with this Decision and Order.

Dated: January 2⁴, 2001

John R. Atwood
Justice, Superior Court

| Date Filed _7/17/00_ | _Kennebec_ County | Docket No. _AP00-45_ |
|---|---|---|

Action __Appeal from District Court__
Possessing Marijuana

**J. ATWOOD**

State of Maine                    vs.     Michael J. Dee

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Brad Grant, ADA<br>James M. Cameron, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 | Michael J. Dee, Pro Se<br>PO Box 2021<br>North Windham, Maine 04062 |

| Date of Entry | |
|---|---|
| 7/18/00 | Appeal from Southern Kennebec District Court with all papers, filed. |
| 7/18/00 | Notice of briefing schedule mailed to atty and Dft. |
| 7/19/00 | Submissions of Statement in Lieu of Transcript Rule 36A (e)(1), filed. s/Dee, Pro Se<br>Statement in Liey of Transcript Rule 36A(e)(1), filed. s/Dee, Pro Se |
| 8/18/00 | Brief of Appellant, filed. s/Dee. Pro Se. |
| 8/25/00 | Amended Brief of Appellant, filed. s/Dee, Pro Se. |
| 8/28/00 | Letter entering appearance, filed. s/Cameron, AAG<br>Appellee's Motion to Correct or Modify Record on Appeal, M.R.Civ.P.76F(b), filed. s/Cameron, AAG<br>Certificate of Service, filed. s/Cameron, AAG<br>Appellee's Proposed Amendment to Appellant's Statement in Lieu of Transcript, M.R.Civ.P.76F(c), filed. s/Cameron, AAG<br>Certificate of Service, filed. s/Cameron, AAG |
| 9/11/00 | Appellant's Opposition to Appellee's Proposed Amendment to Appellant's Statement in Lieu of Transcripts, filed. s/Dee.<br>Appellant's Opposition to Appellee's Motion to Correct or Modify Record on Appeal, filed. s/Dee.<br>(above filed on 9/8/00) |
| 9/25/00 | Brief of Plaintiff/Appellee, filed. s/Cameron, AAG. |
| 10/10/00 | Reply Brief, filed. s/Dee. |
| 10/27/00 | Waiver of Hearing, filed. s/Dee. |
| 11/2/00 | Agreement to Waive Hearing and Oral Argument, filed. s/Cameron, AAG. |
| 12/11/00 | Proposed Order, filed. s/Dee. |